JOSEPH G. SCHULDER et al., Appellants, v. SCHULDER'S MAPLEWOOD LODGE COLONY, INC., et al., Respondents. MORRIS ROSENBLOOM, as Receiver, Appellant.

Third Department, March 31, 1954.

584

*Meyer D. Siegel* and *Irving E. Field* for appellants.

*Louis Tieger* and *Irving Ax* for respondents.

*Per Curiam.* Plaintiffs are junior mortgagees of a summer bungalow colony and defendants are owners and tenants. The action to foreclose was commenced July 18, 1953, and a receiver was appointed July 23d. The receiver qualified and demanded physical possession of the premises and the payment of rents.

But the owner of the premises claimed that no rents were due and that all the tenants had fully paid rent for the summer season. Plaintiffs then moved to adjudge the defendants and their attorney in contempt for disregarding the order appointing the receiver.

The court at Special Term has denied the motion to punish for contempt. We think the denial was within the discretion of the court and was providently exercised. The true issue between the parties is whether the rents were paid in good faith in advance; and the effect of such payments, if made, on the right of the receiver to recover them for all or a portion of the period after he qualified; and if not made in good faith, the effect on the tenants' additional liability, if any, to the receiver.

We do not pass on those questions or the form of action or proceeding in which they are determinable. We hold merely that the court was right in ruling that they should not be determined in a contempt proceeding. Whether the tenants should or should not have "attorned" to the receiver depended on whether they owed him further rents and we regard this as a subsidiary question to the first one considered.

The complaint was properly dismissed as to the individual defendants Roth and Fier since it pleads merely a conclusion of law as to them; but the dismissal should be without prejudice to the commencement by plaintiffs of an action properly pleaded against the individual defendants based on the purported wrongful impairment by them of the lien of plaintiffs' mortgage.

The order of dismissal as to the individual defendants should be modified to provide that it is without prejudice in accordance with this opinion, and, as modified, affirmed, without costs; the orders otherwise appealed from should be affirmed, with $10 costs to respondents as to each such order.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order of dismissal as to the individual defendants modified to provide that it is without prejudice, in accordance with the opinion herein, and as modified, affirmed, without costs. Orders otherwise appealed from affirmed, with $10 costs to respondents as to each such order.